JAMES T. BURTON (USB 11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (USB 12647)
*jrupp@kmclaw.com*
**KIRTON│McCONKIE**
1800 World Trade Center
60 East South Temple
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone:  (801) 328-3600
Facsimile:  (801) 321-4893


*Attorneys for Plaintiff*
*Young Living Essential Oils, LC*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YOUNG LIVING ESSENTIAL OILS, LC., a Utah Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>ABUNDANT HEALTH, LLC, a Utah Limited Liability Company,<br><br><br>    Defendant. | Civil Action No.: 2:16-cv-01111-JNP<br><br>**COMPLAINT**<br><br>Judge:  Jill N. Parrish<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Young Living Essential Oils, LC ("Young Living"), hereby complains and alleges against Defendant Abundant Health, LLC ("Defendant") as follows:

**THE PARTIES**

1.     Young Living is a Utah limited liability company having its principal place of business at 3125 Executive Parkway, Lehi, Utah 84043.

2.      Defendant is a Utah limited liability company having its principal place of business at 1543 S. 2050 E., Spanish Fork, Utah 84660.

## JURISDICTION AND VENUE

3.      This is an action for trademark infringement, false advertising, trademark dilution, and unfair competition under the Lanham Act and Utah Code Annotated, common law trademark infringement, violation of the Utah Truth in Advertising Act, and intentional interference with economic relations.

4.      This Court has subject matter jurisdiction over this action under, *inter alia*, 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks).

5.      This Court has supplemental jurisdiction over Young Living's state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in Young Living's federal claims.

6.      This Court has personal jurisdiction over Defendant because Defendant is located within this district, transacts business in this district, actions giving rise to this lawsuit have occurred in this district, and Defendant has caused damages to Young Living in this district.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because there is personal jurisdiction over Defendant as Defendant resides in this district.

## GENERAL ALLEGATIONS

### I.   YOUNG LIVING

8.      Young Living was founded in 1994 by Gary Young.

9.      Young Living sells essential oils and wellness solutions.

10.      Young Living markets its essential oils through a world-wide network of independent distributors, most of whom are also consumers of Young Living's products.

11.     Currently, Young Living has over one million independent distributors throughout the world.

12.     In order to provide its essential oils to its customers, Young Living owns and operates farms in the United States (including in Utah) and throughout the world, on which farms Young Living grows many of the plants it uses to make its essential oils.

13.     Essential oils are oils derived from plants which have many uses, including use in food flavoring, perfume industries, and in aromatherapy.

14.     Young Living specializes in the manufacture, sale, and marketing of essential oils of natural plant origin suitable for aromatherapy and wellness practices.

15.     Young Living sells a variety of individual essential oils, including lavender, peppermint, lemon, frankincense, and many others.

16.     Young Living also sells proprietary blends of essential oils and products made with essential oils.

17.     Young Living's efforts and accomplishments have contributed to its extraordinary reputation and goodwill, making Young Living a well-known and recognized name in, *inter alia*, the field of essential oil throughout the United States and the world.

18.     Indeed, Young Living's enviable reputation and philosophy of providing the public with the highest quality essential oils has made it a leader in its field.

## II.  YOUNG LIVING'S MARKS

19.     Young Living has continuously provided high quality blended essential oils using the THIEVES mark since at least 1994.

20.     The United States Patent and Trademark Office ("USPTO") granted Young Living a federal registration (U.S. TM Reg. No. 2,688,364) for the THIEVES mark on February 18, 2003, a copy of which is attached as Exhibit A.

21.     Young Living has continuously provided high quality blended essential oils using

the VALOR mark since at least 1994.

22.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 2,683,259) for the VALOR mark on February 4, 2003, a copy of which is attached as Exhibit B.

23.     Young Living has continuously provided high quality blended essential oils using the PURIFICATION mark since at least 1994.

24.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 2,964,821) for the PURIFICATION mark on July 5, 2005, a copy of which is attached as Exhibit C.

25.     Young Living has continuously provided high quality blended essential oils using the PEACE AND CALMING mark since at least 1994.

26.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 2,683,256) for the PEACE AND CALMING mark on February 4, 2003, a copy of which is attached as Exhibit D.

27.     Young Living has continuously provided nutritional supplements using the NINGXIA RED mark since at least 2005.

28.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 3,199,856) for the NINGXIA RED mark on January 16, 2007, a copy of which is attached as Exhibit E.

29.     Young Living has continuously provided high quality all-natural children's products using the KIDSCENTS mark since at least 2001.

30.     The United States Patent and Trademark Office ("USPTO") granted Young Living a federal registration (U.S. TM Reg. No. 3,305,664) for the KIDSCENTS mark on October 9, 2007, a copy of which is attached as Exhibit F.

31.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 2,683,263) for the RAINDROP TECHNIQUE mark on February 4, 2003, a copy of which is

attached as Exhibit G.

32.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 3,078,112) for the JUVA CLEANSE mark on April 11, 2006, a copy of which is attached as Exhibit H.

33.     Young Living's THIEVES, VALOR, PURIFICATION, PEACE AND CALMING, PANAWAY, NINGXIA RED, RAINDROP TECHNIQUE, and JUVA CLEANSE marks have achieved incontestability status pursuant to 15 U.S.C. § 1065.

34.     Young Living has continuously used the YOUNG LIVING mark since at least 1994.

35.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 4,376,568) for the THIEVES standard character mark on July 30, 2013, a copy of which is attached hereto as Exhibit I.

36.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 4,471,233) for the SLIQUE mark on January 21, 2014, a copy of which is attached hereto as Exhibit J.

37.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 4,714,303) for the ANIMAL SCENTS mark on March 31, 2015, a copy of which is attached as Exhibit K.

38.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 4,747,471) for the PROGRESENCE mark on June 2, 2015, a copy of which is attached as Exhibit L.

39.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 4,865,491) for the RECONNECT mark on December 8, 2015, a copy of which is attached as Exhibit M.

40.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No.

4,875,523) for the COOL AZUL mark on December 22, 2015, a copy of which is attached as Exhibit N.

41.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 4,222,043) for the YOUNG LIVING mark on October 9, 2012, a copy of which is attached as Exhibit O.

42.     The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 4,732,885) for the YOUNG LIVING stylized mark (shown below) on May 5, 2015, a copy of which is attached as Exhibit P.



43.     In addition to federal trademark rights, Young Living also enjoys common law trademark rights in in the aforementioned marks, and further enjoys common law trademark rights in and to its AROMA SIEZ, BREATHE AGAIN, CITRUS FRESH, R.C., TRAUMA LIFE, ABUNDANCE, ACCEPTANCE, INFECT AWAY, MENDWELL, PARAGIZE, PURICLEAN, REPELAROMA, T-AWAY, AROMAEASE, AROMA LIFE, AROMASLEEP, AUSTRALIAN BLUE, AWAKEN, BELIEVE, BRAIN POWER, BUILD YOUR DREAM, CHRISTMAS SPIRIT, CLARITY, COMMON SENSE, DEEP RELIEF, DRAGON TIME, DREAM CATCHER, EGYPTIAN GOLD, EN-R-GEE, ENDOFLEX, ENVISION, EVERGREEN ESSENCE, EXODUS II, FOREGIVENESS, FREEDOM, GATHERING, GENTLE BABY, GLF, GRATITUDE, HARMONY, HIGHEST POTENTIAL, HOPE, HUMILITY, IMMUPOWER, INNER CHILD, INNER HARMONY, INSPIRATION, INTO THE FUTURE, JOY, JUVAFLEX, BITE BUSTER, GENEYUS, OWIE, SLEEPYIZE,

SNIFFLEEASE, TUMMYGIZE, LADY SCLAREOL, LIVE WITH PASSION, LONGEVITY, M-GRAIN, MAGNIFY YOUR PURPOSE, MELROSE, MISTER, MOTIVATION, OOLA BALANCE, OOLA GROW, PRESENT TIME, RAVEN, RECONNECT, RELIEVE IT, RUTAVALA, SACRED MOUNTAIN, SARA, SCLARESSENCE, SENSATION, SHUTRAN, STRESS AWAY, SURRENDER, THE GIFT, THREE WISEMEN, T.R. CARE, TRANQUIL, TRANSFORMATION, and WHITE ANGELICA marks.

44.    Young Living's YOUNG LIVING, THIEVES, VALOR, PURIFICATION, PEACE AND CALMING, PANAWAY, NINGXIA RED, RAINDROP TECHNIQUE, JUVA CLEANSE, KIDSSCENTS, YOUNG LIVING, THIEVES, SLIQUE, ANIMAL SCENTS, AROMA SIEZ, BREATHE AGAIN, CITRUS FRESH, R.C., TRAUMA LIFE, ABUNDANCE, ACCEPTANCE, INFECT AWAY, MENDWELL, PARAGIZE, PURICLEAN, REPELAROMA, T-AWAY, AROMAEASE, AROMA LIFE, AROMASLEEP, AUSTRALIAN BLUE, AWAKEN, BELIEVE, BRAIN POWER, BUILD YOUR DREAM, CHRISTMAS SPIRIT, CLARITY, COMMON SENSE, DEEP RELIEF, DRAGON TIME, DREAM CATCHER, EGYPTIAN GOLD, EN-R-GEE, ENDOFLEX, ENVISION, EVERGREEN ESSENCE, EXODUS II, FOREGIVENESS, FREEDOM, GATHERING, GENTLE BABY, GLF, GRATITUDE, HARMONY, HIGHEST POTENTIAL, HOPE, HUMILITY, IMMUPOWER, INNER CHILD, INNER HARMONY, INSPIRATION, INTO THE FUTURE, JOY, JUVAFLEX, BITE BUSTER, GENEYUS, OWIE, SLEEPYIZE, SNIFFLEEASE, TUMMYGIZE, LADY SCLAREOL, LIVE WITH PASSION, LONGEVITY, M-GRAIN, MAGNIFY YOUR PURPOSE, MELROSE, MISTER, MOTIVATION, OOLA BALANCE, OOLA GROW, PRESENT TIME, RAVEN, RECONNECT, RELIEVE IT, RUTAVALA, SACRED MOUNTAIN, SARA, SCLARESSENCE, SENSATION, SHUTRAN, STRESS AWAY, SURRENDER, THE GIFT, THREE WISEMEN, T.R. CARE, TRANQUIL, TRANSFORMATION, WHITE ANGELICA marks and the YOUNG LIVING stylized mark

referenced above are subsequently referred to herein collectively as "Plaintiff's Marks."

45.     Young Living is the owner of Plaintiff's Marks.

46.     Young Living's blended essential oils have been widely advertised and extensively promoted under Plaintiff's Marks, and Plaintiff's Marks have become, through widespread and favorable public acceptance and recognition, assets of substantial value as a symbol of Young Living, its exceedingly high quality essential oils, and its goodwill.

47.     Young Living enjoys remarkable success and an enviable reputation in its field due in large part to its use of and rights in Plaintiff's Marks.

48.     Young Living has made great expenditures and sacrifices to achieve the success it now enjoys in Plaintiffs' Marks.

49.     Indeed, as a result of Young Living's favorable reputation and considerable investment in and promotion of Plaintiffs' Marks, Plaintiff's Marks have become an indicator of Young Living's high quality essential oils.

50.     Young Living enforces its rights herein under Plaintiff's Marks in order to ensure Young Living's continued success and excellent reputation.

51.     Plaintiff's Marks have been extensively and continuously advertised and promoted to the public by Young Living through various means and modes, including but not limited to, through Young Living's worldwide network of distributors, over the Internet (including at youngliving.com), at trade shows, telephonically, and in-person.

52.     By reason of such advertising and promotion, Young Living has sold essential oils under Plaintiff's Marks to over one million customers.

53.     Because of Young Living's advertising and promotion under Plaintiff's Marks, the public has come to recognize Young Living's essential oils utilizing Plaintiff's Marks as solely emanating from Young Living.

54.    As a result of Young Living's extensive use, advertising, promotional efforts, market recognition, commercial success, and wide distribution through its world-wide distribution channels, Plaintiff's Marks have become famous and are recognized as distinctive symbols of the highest quality of essential oils.

55.    Plaintiff's Marks are an extremely valuable asset of Young Living.

## II. DEFENDANT'S INFRINGING CONDUCT

56.    Defendant promotes goods improperly using Plaintiff's Marks.

57.    Specifically, Defendants promotes and sells its

a.    (1) "Quick Reference Guide for Using Essential Oils, 2014 Edition;"

b.    (2) "Reference Guide for Essential Oils, 2016 Edition"

c.    (3) apps sold in the Apple store under the name "Ref Guide 4 Essential Oils" ((1) through (3) collectively referred to as "Infringing Books");

d.    (4) "YL2 – Reference Guide for Essential Oils Mini Reference Cards;"

e.    (5) "1006 – The Primary Usage Guide;"

f.    (6) "1202 – Premium Essential Oil Blend Reference Chart;"

g.    (7) "4005 – NingXia Red: A Naturally Delicious Nutrient Infusion Brochure;"

h.    (8) "4076 – Thieves: Solutions for Today's Health Needs Brochure;"

i.    (9) "4018 – The Slique Experience Mini Card Brochure;"

j.    (10) "4069 – Essential Oils Singles Brochure;" (11) "4015 – 10 Everyday Oils for Every Home Mini Card Brochure;"

k.    (11) "4082 – Superior Wellness Products Tear Pad;"

l.    (12) "4070 Essential Oils Blends Brochure;"

m.    (13) "4066 – Raindrop Technique Brochure;"

n.    (14) "4012 – The Slique Experience: Tansform into a New You Brochure;"

o.  (15) "4070 – Essential Oils Blends Brochure;"

p.  (16) "4017 – 7 Reasons to Drink NingXia Red Mini Card Brochure;" and

q.  (17) selling bags and essential oil carrying cases utilizing the YOUNG LIVING mark (collectively referred to as "Infringing Products").

58.  Upon information and belief, at least some of the Infringing Products are authored and/or created by Connie and Alan Higley, owners of Defendant.

59.  The Infringing Products are available at, *inter alia*, www.abundanthealth4u.com, a website controlled by Defendant.

60.  The Infringing Books are advertised as bringing "together the beauty of one of nature's most exquisite gifts, along with what recent scientific research has discovered about them, in an exciting new format."

61.  The Infringing Books are further marketed as having "unique features – along with detailed information on over 100 essential oils and 150 commercially-available oil blends, supplements, and personal care products – mak[ing] this the perfect book for both seasoned oilers and those just beginning their journey into the fascinating world of nature's essential oils."

62.  Within the Infringing Books, Defendant makes repeated and unauthorized use of Plaintiff's Marks.

63.  Indeed, the Infringing Products use Plaintiff's Marks verbatim.

64.  Defendant's use of Plaintiff's Marks on its website is excessive and improper. For example, Defendant uses Plaintiff's Marks on specific portions of its website that are unrelated to Young Living and/or its products.  Such excessive and improper use is specifically targeted at trading off of the goodwill associated with Young Living and driving more consumers to Defendant's website (and away from Young Living).

65.  Moreover, Defendants own and operate the website www.younglivingworld.com. As with Defendant's use of abundanthealth4u.com, younglivingworld.com makes repeated and

improper use of Plaintiff's Marks verbatim.

66.     Defendant's use of Plaintiff's Marks within the Infringing Products is likely to cause consumer confusion and a false association between Young Living's essential oils and the goods offered by Defendant, falsely leading consumers to believe that the products emanate from the same source or that Young Living and Defendant are somehow affiliated.

67.     Such diversion has resulted in, and will continue to result in, substantial and irreparable harm to Young Living and to consumers in this district.

68.     Defendant's offering to the public of the Infringing Products has been and is without permission or authority of Young Living.  Such public offerings are without license from Young Living.

69.     The Infringing Products have been used by Defendant and offered to the public utilizing this district as a forum for Defendant's infringing activities with knowledge that the use of Plaintiff's Marks within the Infringing Products is not authorized by Young Living.

70.     By using the Infringing Products, Defendant has misrepresented and falsely described to the general public the origin and source of Defendant's goods so as to deceive the public and deliberately create a likelihood of confusion, cause mistake, or deceive as to the affiliation, connection, or association of Defendant with Young Living, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendant's goods.

71.     Defendant with full knowledge of the notoriety of Plaintiff's Marks intended to, and did, trade on the goodwill associated with Plaintiff's Marks, and has misled and will continue to confuse and mislead the public into assuming a connection between Young Living and Defendant by Defendant's offer to the public of Infringing Products.

72.     The use by Defendant of Plaintiff's Marks within the Infringing Products constitutes a knowing and willful use of a false designation of origin and a false description or

representation that wrongly and falsely designates Defendant's goods offered to the public by Defendant as originating from, or connected with, Young Living, and constitutes utilizing false descriptions or representations in commerce.

73.     The imitation, reproduction, and other unauthorized use of Plaintiff's Marks within the Infringing Products causes irreparable injury to Young Living, including injury to its business reputation and goodwill.

74.     Defendant's use of Plaintiff's Marks within the Infringing Products has, does, and is likely to permit Defendant to pass off its goods as those of Young Living, all to the detriment of Young Living, and to the unjust enrichment of Defendant.

75.     Defendant's unauthorized use of Plaintiff's Marks within the Infringing Products has caused, currently causes, and is likely to continue to cause, damage to Young Living by tarnishing the valuable reputation and image associated with Young Living and its essential oils.

76.     Defendant has further passed off its Infringing Products in interstate commerce as being affiliated with those of Young Living by Defendant's activities and many continuing misrepresentations to the consuming public, members of which are likely to and do believe that Defendant's Infringing Products are associated with Young Living.

77.     Defendant's unlawful activity results in irreparable harm and injury to Young Living.  Among other harms, it:

        a.      Deprives Young Living of its right to determine the manner in which its goods are presented to the general public;

        b.      Dilutes the value of Plaintiff's Marks;

        c.      Deceives the public as to the origin and sponsorship of Defendant's Infringing Products; and

        d.      Wrongfully trades upon Young Living's reputation and exclusive rights in its trademarks.

78.     Young Living is entitled to an injunction restraining Defendant, its officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of Young Living's rights.

79.     Young Living is further entitled to recover from Defendant the damages, including treble damages, interest, attorneys' fees, and costs it has sustained and will sustain and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts as alleged herein.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Young Living.

## CAUSES OF ACTION
### COUNT I
### (Trademark Infringement Under § 43(a)(1)(A) of the Lanham Act)

80.     Young Living realleges and incorporates by reference all of the foregoing paragraphs.

81.     Defendant's use of Plaintiff's Marks within the Infringing Products is the improper use in commerce of words, terms, and/or names that are likely to cause confusion, mistake, or deception as to whether Defendant is affiliated, connected, or associated with Young Living (including Plaintiff's Marks) and/or as to whether Young Living originated, sponsored, or approved of Defendant's Infringing Products.

82.     By so acting, Defendant has violated § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)).

83.     Young Living has been and will continue to be damaged by such wrongful actions.

84.     Because Defendant's actions were intentional, willful and/or deliberate, Young Living is entitled to an award of Defendant's profits, any damages sustained by Young Living, and costs of this action, including treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

85.     By reason of the foregoing, Young Living is further entitled to injunctive relief and monetary damages against Defendant.

## COUNT II
### (Trademark Infringement under § 32 of the Lanham Act)

86.     Young Living realleges and incorporates by reference all of the foregoing paragraphs.

87.     Young Living possesses valid federal trademark registrations for Plaintiff's Marks issued by the USPTO.

88.     Defendant's actions as described above, including Defendant's unauthorized use of Plaintiff's Marks within the Infringing Products to promote its products, are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Young Living, or as to the origin, sponsorship, or approval of Defendant's Infringing Products by Young Living.   Defendant's conduct described herein constitutes trademark infringement of each of Plaintiff's Marks in violation of § 32 of the Lanham Act (15 U.S.C. § 1114).

89.     Defendant's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Plaintiff's Marks, as well as damages and irreparable injury to Young Living's business, goodwill, and reputation.

90.     Young Living has no adequate remedy at law because damages are continuing and difficult to ascertain.

91.     Defendant's continued use of Plaintiff's Marks is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's Marks, making this case exceptional.

92.     Because Defendant's actions were intentional, willful and/or deliberate, Young Living is entitled to an award of Defendant's profits, any damages sustained by Young Living, and costs of this action, including treble damages under § 35(a) of the Lanham Act (15 U.S.C. §

1117(a)).

93.     By virtue of the foregoing, Young Living is entitled to injunctive relief and monetary damages against Defendant.

## COUNT III
### (False Advertising Under 15 U.S.C. § 1125(a)(1)(B))

94.     Young Living realleges and incorporates by reference all of the foregoing paragraphs.

95.     Defendant advertises its goods in commerce by extensively utilizing Plaintiff's Marks in order to create the false impression of a connection and/or affiliation between Young Living and Defendant.

96.     Such use, and any use similar to it, by Defendant is materially false, misleading, confusing, and or deceptive.

97.     Indeed, such use is meant to trade off of the goodwill associated with Plaintiff's Marks and to create confusion among customers.

98.     Such use of Plaintiff's Marks Defendant is likely to cause confusion and/or mistake as to the origin, association, or approval of Defendant's Infringing Products and Young Living.

99.     Defendant's false statements have caused injury to Young Living in an amount to be proven at trial.

100.    The infringing activities of Defendant are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT IV
### (Unfair Competition Under 15 U.S.C. § 1125(a)(1))

101.    Young Living realleges and incorporates by reference all of the foregoing paragraphs.

102.    Young Living has a protectable interest in Plaintiff's Marks.

103.   Defendant's Infringing Products uses Plaintiff's Marks verbatim.

104.   Defendant's use of Plaintiff's Marks in commerce is likely to cause confusion in the consuming public as to the source, origin, and/or sponsorship of the Infringing Products and Young Living.

105.   Defendant's actions of unfair competition, as described herein, have caused injury to Young Living in an amount to be proven at trial.

106.   The infringing activities of Defendant are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

### COUNT V
### (Trademark Dilution Under 15 U.S.C. § 1125(c))

107.   Young Living realleges and incorporates by reference all of the foregoing paragraphs.

108.   By virtue of many years of successful sales and use in commerce, Plaintiff's Marks have become famous.

109.   Defendant's use of Plaintiff's Marks within the Infringing Products in commerce has and will continue to cause dilution of Plaintiff's Marks.

110.   Defendant's dilution of Young Living's rights in Plaintiff's Marks has caused injury to Young Living in an amount to be proven at trial.

111.   The infringing activities of Defendant are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

### COUNT VI
### (Common Law Trademark Infringement)

112.   Young Living realleges and incorporates by reference all of the foregoing paragraphs.

113.   Plaintiff's Marks are distinctive and have acquired secondary meaning.

114.   Defendant's actions, as alleged above, infringe Young Living's common law

trademark rights under federal common law, Utah common law, and constitute acts of unfair competition.

115.    By reason of the foregoing, Young Living is entitled to injunctive relief and monetary damages against Defendant.

116.    The infringing activities of Defendant are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

**COUNT VII**
**(Utah Deceptive Trade Practices – U.C.A. § 13-11A-3)**

117.    Young Living realleges and incorporates by this reference all of the foregoing paragraphs.

118.    By improperly using Plaintiff's Marks within the Infringing Products, Defendant has (1) passed off its goods as those of Young Living; (2) caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods; and (3) caused a likelihood of confusion or misunderstanding as to any affiliation, connection, association with, or certification by Young Living.

119.    The foregoing misconduct of Defendant constitutes deceptive trade practices under Utah Code Annotated § 13-11A-3.

120.    Young Living is entitled to recover damages to fairly and reasonably compensate it for Defendant's conduct.

121.    Young Living is entitled to prevent, restrain, and enjoin Defendant from current and future uses of Plaintiff's Marks.

122.    Young Living is entitled to an award of its attorneys' fees and its costs for being required to file and prosecute this action pursuant to Utah Code Annotated § 13-11a-4(2)(c).

123.    Young Living has no adequate remedy at law, has suffered and is continuing to suffer irreparable harm as a result of Defendant's acts, and is, therefore, entitled to preliminary

and permanent injunctive relief to enjoin Defendant from further misconduct.

## COUNT VIII
### (Unjust Enrichment)

124.   Young Living realleges and incorporates by this reference all of the foregoing paragraphs.

125.   Defendant has benefited from the improper, unfair, and unauthorized use of Young Living's exclusive trademark rights and goodwill attendant thereto, as set forth above.

126.   Defendant has knowledge and fully appreciates the benefits it has received from Young Living as a result of such actions.

127.   Defendant would be unjustly enriched if it were permitted to retain the proceeds obtained from such actions.

128.   Equity and good conscience dictate that Defendant be required to account for and turn over to Young Living an amount equal to the value of the benefits conferred upon it.

## COUNT IX
### (Unfair Competition – U.C.A. § 13-5a-103)

129.   Young Living realleges and incorporates by reference all of the foregoing paragraphs.

130.   Defendant's conduct as described herein is unlawful, unfair, and/or fraudulent.

131.   Defendant's conduct as described herein has resulted in the material diminution in the value of Plaintiff's Marks.

132.   Defendant's conduct as described herein infringes upon the rights of Young Living in and to Plaintiff's Marks.

133.   The infringing activities of Defendant are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## **JURY DEMAND**

Young Living hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Young Living demands judgment against Defendant as follows:

A.      Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from infringing any of Young Living's rights in Plaintiff's Marks;

B.      Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from using any marks similar to Plaintiff's Marks that are likely to cause confusion or mistake as to whether Defendant is authorized by or affiliated with Young Living and as to whether Defendant's Infringing Products have been authorized or sponsored by Young Living;

C.      Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from falsely advertising in any manner that causes confusion as to the origin, source, or approval between Young Living and Defendant's Infringing Products;

D.      Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from falsely advertising the Infringing Products in a manner that is likely to cause confusion or mistake as to whether Defendant is authorized by or affiliated with Young Living and as to whether Defendant's Infringing Products have been authorized or sponsored by Young Living;

E.      Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from engaging in unfair competition, either under federal law or U.C.A. § 13-5a-103;

F.      Preliminarily and permanently enjoining Defendant, and all other persons acting in concert with it, from making a false representation as to the source, sponsorship, approval, or certification of Defendant's Infringing Products;

G.      Preliminarily and permanently enjoining Defendant, and all other persons acting in concert with it, from making a false representation as to affiliation, connection, association with, or certification by Young Living of Defendant's Infringing Products;

H.      Preliminarily and permanently enjoining Defendant, and all other persons acting in concert with it, from diluting Plaintiff's Marks;

F.      An order of the Court directing Defendant to deliver up to Young Living all literature, advertisements, Products, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendant's possession, custody, or control and which improperly use Plaintiff's Marks or any confusingly similar variant;

G.      An order from the Court directing Defendant to provide an accounting of all revenues and profits gained by Defendant while engaging in the acts complained of in this Complaint;

H.      Awarding Young Living its actual damages, and awarding Young Living any additional damages that the Court deems just and equitable under the circumstances of the case;

I.      Awarding Young Living treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on any claim asserted under § 43(a) of the Lanham Act;

J.      Establishment of a constructive trust consisting of profits from or obtained by Defendant's wrongful acts, to be held for the benefit of Young Living;

K.      Awarding Young Living damages to which it is entitled based upon Defendant's unjust enrichment, both under federal and state law, as claimed herein;

L.      Awarding Young Living damages to which it is entitled based upon Defendant's intentional interference with Young Living's potential and/or prospective economic relations.

M.      Awarding Young Living prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of this Complaint through the date of judgment;

N.      Awarding Young Living its allowable costs and attorneys' fees, including but not

limited to, pursuant to 15 U.S.C. § 1117 and Utah Code Annotated § 13-11A-4(2)(c); and

     O.      Awarding Plaintiff such other and/or further relief as is just and equitable.

DATED this 28th day of October, 2016.

Respectfully submitted,

KIRTON │ McCONKIE

By: /s/James T. Burton
     James T. Burton
     Joshua S. Rupp

Attorneys for Plaintiff